UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
FRANK MANNS,

                              Plaintiff,                        **COMPLAINT**
                                                                   Jury Demand

      - against -

CITY OF NEW YORK,
LIEUTENANT EHRICH,
SERGEANT ESCHEVEREA,
CAPTAIN MCBRIDE,
SERGEANT LARSON,
CHIEF MCCARTHY, and
SERGEANT FELIX CONCEPCION,
being sued in their individual and professional capacities,

                              Defendants.
-----------------------------------------------------------------------X

        Plaintiff FRANK MANNS, by his attorneys CRONIN & BYCZEK, LLP, complaining of

Defendants CITY OF NEW YORK, LIEUTENANT EHRICH, SERGEANT ESCHEVEREA,

CAPTAIN MCBRIDE, SERGEANT LARSON, CHIEF MCCARTHY and SERGEANT FELIX

CONCEPCION, each being sued in their individual and official capacities as employees of the

CITY, allege, upon information and belief, that:

<u>**NATURE OF ACTION**</u>

1.    This is an action for equitable relief and money damages on behalf of Plaintiff FRANK

       MANNS ("MANNS" or "Plaintiff") who as, and who is prospectively deprived of his

       statutory and constitutional rights as a result of the Defendants' policies and practices of

       discrimination based upon his race, hostile work environment and retaliation.  Said policies

       were implemented under color of law. Plaintiff also alleges that he was caused to be injured

       due to the intentional acts, including, but not limited to, false imprisonment, assault, battery,

       excessive force, negligence, negligent hiring, negligent supervision, negligent retention,

intentional and negligent infliction of emotional distress and disregard of employees who violated a rule, law or regulation.

## JURISDICTION AND VENUE

2.  The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331, 1343 and 2202 to secure protection of and to redress deprivation of rights secured by:

    a.  Title VII of the Civil Rights Act of 1964 (hereinafter referred to as "Title VII") providing for injunctive and other relief against discrimination in employment on the basis of race;

    b.  The Civil Rights Act of 1871, 42 U.S.C. § 1983, providing for the protection of all persons in their civil rights and the redress of deprivation of rights under color of law;

    c.  The unlawful employment practices, violations of plaintiff's civil rights and tortious acts complained of herein were committed within the Eastern District of New York.

3.  The pendent jurisdiction of the federal district court is invoked with respect to the plaintiff's claims under New York State Executive Law § 296; and New York City Administrative Code § 8-502 and § 8-101 *et. seq.*, pursuant to 28 U.S.C. § 1367, because the entire action before the court comprises one constitutional and civil rights case, and the claims arise out of the same common nucleus of facts and are such that the Plaintiff would ordinarily be expected to try them in one judicial proceeding.

## PLAINTIFF

4. Plaintiff FRANK MANNS is an African-American male citizen of the United States of America and is over twenty-one (21) years of age, a resident of the Borough of Queens, State of New York and is an employee of Defendant CITY OF NEW YORK (hereinafter referred to as the "CITY") more specifically the NEW YORK CITY POLICE DEPARTMENT ("NYPD"). For the purposes of this litigation, NYPD may be used interchangeably with Defendant CITY to identify the employer which is Defendant CITY.

## DEFENDANTS

5. Defendant CITY OF NEW YORK ("CITY") is a municipal entity created and authorized under the laws of the CITY and State of New York. CITY is authorized by law to maintain a Police Department ("NYPD") that acts as its agent and for which it is ultimately responsible.

6. Defendant CITY is an employer as defined in Title VII, employing more than fifteen (15) employees, and is engaged in an industry affecting commerce.

7. Defendant LIEUTENANT EHRICH ("EHRICH"), a white male, was at all relevant times a Lieutenant in the New York City Police Department and is acting in such capacity at all times relevant herein. Defendant EHRICH was at all relevant times Plaintiff's supervisor and is sued in his individual and official capacity.

8. Defendant SERGEANT ESCHEVEREA ("ESCHEVEREA"), a white male, was at all relevant times a Sergeant in the New York City Police Department and is acting in such capacity at all times relevant herein. Defendant ESCHEVEREA was at all relevant times Plaintiff's supervisor and is sued in his individual and official capacity.

9. Defendant CAPTAIN MCBRIDE ("MCBRIDE"), a white male, was at all relevant times a Captain in the New York City Police Department and is acting in such capacity at all times relevant herein. Defendant MCBRIDE was at all relevant times Plaintiff's supervisor and is sued in his individual and official capacity.

10. Defendant SERGEANT LARSON ("LARSON"), a white male, was at all relevant times a Sergeant in the New York City Police Department and is acting in such capacity at all times relevant herein. Defendant LARSON was at all relevant times Plaintiff's supervisor and is sued in his individual and official capacity.

11. Defendant CHIEF MCCARTHY ("MCCARTHY"), a white male, was at all relevant times a Chief in the New York City Police Department and is acting in such capacity at all times relevant herein. Defendant MCCARTHY was at all relevant times Plaintiff's supervisor and is sued in his individual and official capacity.

12. Defendant SERGEANT FELIX CONCEPCION ("CONCEPCION"), a white male, was at all relevant times a Sergeant in the New York City Police Department and is acting in such capacity at all times relevant herein. Defendant CONCEPCION was at all relevant times Plaintiff's supervisor and is sued in his individual and official capacity.

## PROCEDURAL REQUIREMENTS

13. Plaintiffs have filed suit with this Court within the applicable statute of limitations period.

14. Plaintiffs are not required to exhaust any administrative procedures prior to suit under the Civil Rights Act of 1871.

15. On or about November 27, 2013, Plaintiff submitted a complaint with the EEOC and under charge number 520-2014-00389.

16. On or about February 7, 2014, Plaintiff submitted a Supplemental Charge of Discrimination with the EEOC.

17. Plaintiff received a Notice of Right to Sue letter from the EEOC (Exhibit "A") dated May 21, 2014.

## NOTICE OF CLAIM

18. On or about February 4, 2014 and within the time prescribed by law, a sworn Notice of Claim pursuant to New York State law was timely served upon Defendant CITY OF NEW YORK on behalf of Plaintiff FRANK MANNS stating, among other things, the time when and place where the injuries and damages were sustained, together with Plaintiff's demands for adjustment thereof.

19. Thereafter, more than thirty (30) days have lapsed and continuing up to the commencement of this action, the CITY OF NEW YORK as failed to make any adjustment or payment thereof and without the matter being resolved.

20. Defendant CITY OF NEW YORK completed its General Municipal Law 50-h hearing of Plaintiff on April 9, 2014.

21. This action was commenced within the time permitted by law.

22. This action was commenced within one (1) year and ninety (90) days after the cause of action accrued.

## FACTUAL BACKGROUND

23. Plaintiff MANNS is an African-American male who complained of race discrimination, harassment, hostile work environment and retaliation. Said information was known to all defendants.

24. Plaintiff is employed by the CITY OF NEW YORK, New York City Police Department. His date of appointment is June 30, 1992.

25. He was promoted to the rank of Detective 3rd Grade in 2007. At all times relevant herein, Plaintiff was assigned to the 108th Precinct, located at 5-47 50th Ave, Long Island City, NY 11101.

26. Plaintiff has been subjected to a continuing pattern and practice of discrimination and hostile work environment based upon his race and in retaliation for complaining about defendants' discriminatory actions and other wrongdoings.

27. Plaintiff asserts that the defendants engage in a pattern and practice of discrimination against African-Americans and other minority officers and retaliate against officers who lodge complaints of discrimination.

28. Throughout his tenure with the NYPD Plaintiff has always had a good performance record and above-average evaluations.

29. On or about September 9, 2013 Plaintiff informed his supervisor, Defendant LIEUTENANT EHRICH, a white male, of his intention to retire from the NYPD. Immediately thereafter, EHRICH gave him three Command Disciplines ("CDs"). Lt EHRICH said that Plaintiff was receiving the CDs because he was leaving.

30. Plaintiff then demanded that a union delegate and an attorney review the CDs as he believed them to be discriminatory. EHRICH said that if Plaintiff brought the CDs to his union delegate and/or attorney, his retirement would be delayed.

31. Upon information and belief, no white officers are given CDs "because" they announce an intention to retire.

32. At the time, Plaintiff was the only African-American in a "specialized" unit. The day after the incident with Defendant EHRICH, Plaintiff was removed from his unit – which he had been assigned to for approximately three years.

33. Then, on September 27, 2013, the day Plaintiff was due to retire, and only about two hours before he left for good, Plaintiff was called into the Commanding Officer's office and given yet another CD.

34. Again Plaintiff asked for a union delegate and again was told that it would delay his retirement if he did. Under duress, Plaintiff signed the CD.

35. Later that same day, shortly before Plaintiff was to leave for the retirement party in his honor, he was called into the C.O.'s office again. This time he was informed that he was being placed on "forced monitoring."

36. Also on that same day, Defendant EHRICH laughed at Plaintiff and took a picture of him with his phone stating "I want to see your face when we tell you."

37. On or about October 1, 2013, Plaintiff completed the retirement paperwork necessary to get his pistol permit, good guy letter etc. and returned to the precinct to retrieve his firearms (as he now had the permit). Defendant ESCHEVEREA refused to give him his guns, even after Plaintiff showed him the permit etc.

38. Plaintiff was forced to return to the precinct the next day to try to get his guns again. Officer Porter returned them to him immediately, and said that he did not know why Plaintiff had been refused them the day before.

39. As a result of this incident, Plaintiff called IAB to lodge a complaint.

40. On or about November 4, 2013, at about 2 in the afternoon, Plaintiff was profiled and stopped by a highway officer. Plaintiff had committed no traffic infractions or violations.

During the stop the officer called Plaintiff a "motherfucker," and used the word "fuck" four to five times.

41. Plaintiff called his supervisor, as required, and as he was doing so the officer snatched the phone and spoke to his supervisor. Then, the officer walked away still holding Plaintiff's phone. The officer could easily have gone through the pictures, contacts, messages etc. on Plaintiff's phone and without his knowledge – an obviously unlawful search in violation of the Fourth Amendment.

42. After, the officer came back to Plaintiff's car and flipped the phone at him and said "what will make me happy is to give five summonses to blacks with PBA cards." His reference to "blacks" makes it obvious that he profiled Plaintiff based only on his race. This fact is further evidenced by the fact that Plaintiff was issued NO summons as a result of the stop.

43. On or about November 9, 2013, Plaintiff was out to dinner with a sergeant who is a friend of his. The sergeant told him that Queens North Investigations had given Plaintiff another CD. Plaintiff was given the CD despite the fact that he had been out on "terminal leave" since September 27.

44. Then, on or around November 11, 2013, Plaintiff returned to the precinct to retrieve his personal belongings from his locker. He discovered that his locker had already been reassigned and that his belongings were nowhere to be found. To date, Plaintiff has not been compensated for his lost belongings, nor has he been given a receipt or accounting of what was done with his belongings.

45. On or about November 14, 2013, Plaintiff was sitting in his car in front of his girlfriend's house when he was approached by two Queens North Officers. They prevented him from

exiting his vehicle. They told Plaintiff that he had to appear the next day for a G.O. 15 interrogation regarding the traffic-stop incident.

46. The next day, the 15th, Plaintiff went to the G.O. 15 with a union attorney and gave testimony. After his testimony, Plaintiff was told that he was the subject of the investigation, not the offending officer, and he was being accused of making false or misleading statements.

47. Moreover, Plaintiff was repeatedly requested to "change his testimony," which he adamantly refused to do. Then, Plaintiff was informed that they had an audio/video recording of the traffic incident and that the officer had not used the word "fuck" four to five times, nor had he used the words "motherfucker" or "blacks." Plaintiff insisted that he had heard the officer use those words.

48. After the meeting Defendant MCBRIDE told Plaintiff that he had until the 27th to "rip up" his retirement papers and return to work to fight the allegations, or else he would be placed on modified duty, and have his pistol permit and "good guy letter" rescinded. Defendant MCBRIDE cajoled Plaintiff by saying that without his good guy letter he could not gain employment with any federal, government or law enforcement agency.

49. Following the foregoing, Plaintiff informed his union that he had no intention of going back to work. Instead, on the morning of November 18, 2013 Plaintiff went to the EEOC office on Whitehall Street in New York City to file a complaint. The EEOC investigator said that he was also a former law enforcement officer. He continued to tell Plaintiff that as soon as he "checked the box" he would then notify the NYPD of Plaintiff's complaint and questioned whether he really wanted to file the complaint because "no one likes a complainer."

50. That night, Queens North Investigations pulled up to Plaintiff's house. They put the "high beams" on the house and began banging on Plaintiff's door and demanding that he turn over his guns and ID card. Plaintiff called a friend, who gave him the number of an attorney, who Plaintiff then called. The attorney told Plaintiff to put the guns on the table and keep away from them and to then open the door. Plaintiff did as he was told.

51. When Plaintiff opened the door, an extremely heavy officer bowled him over and demanded the guns. Plaintiff asked him to speak with the attorney he had on the phone. The officer took the phone and hung it up.

52. Plaintiff was then told that he had been placed on modified duty. Plaintiff asked the officers for their names. Defendant SERGEANT LARSON, a white male, took responsibility – under Defendant CAPTAIN MCBRIDE and Defendant CHIEF MCCARTHY's authorities.

53. Additionally, Plaintiff was not given a receipt for his privately purchased and owned firearm. Plaintiff was told to bring his good guy letter with him – assumedly to be torn up.

54. As a result of this incident, Plaintiff experienced chest pains, shortness of breath, stress, anxiety and other symptoms and was taken to St. John's Hospital. At the hospital Plaintiff was given Xanax and other medications for his symptoms. Plaintiff was confined to the hospital for a few days before being released. Following his release from the hospital, Plaintiff was ordered to drive in to see the district surgeon. While on his way to the district surgeon Plaintiff began experiencing more chest pains etc. which caused him to crash his car into a tree, thus necessitating that he be brought back to the hospital.

55. Plaintiff was due to retire on November 30, 2013. However, Plaintiff's terminal leave was taken away, and he was "out sick" from the above incidents until his eventual retirement.

56. Plaintiff has been denied authorization by the NYPD to see a cardiologist since November 19, 2013, despite having been hospitalized twice. The NYPD has continually and continuously put Plaintiff's health and life in danger by refusing said authorization and by delaying his medical coverage from "kicking in" after his retirement from the NYPD.

57. Plaintiff was not allowed to retire. Plaintiff was told to call the timekeeper for his status, and when he did so was informed that he was on a regular patrol at the 108th Precinct.

58. Defendant EHRICH has made racist jokes and comments including saying that Plaintiff and two other African-American officers have the "same mother." Also, when Plaintiff was in the anticrime unit he was prevented from making arrests in the "white section" – the C.O. told him that Plaintiff was "bringing in the wrong 'type' of people and that he should make arrests in the area of the unit that is predominantly black and Latino. Other comments made to Plaintiff include "You rape the city with your overtime to buy your fancy bling," and "Put your hands against the wall, you're robbing the city!!"

59. Additionally, Plaintiff's supervisor Defendant SERGEANT FELIX CONCEPCION sent him a photo of a nude African-American male whose penis was exposed.

60. Further, Plaintiff's "good guy letter" and gun-permit were revoked post-retirement, thereby causing him to lose his job at Allied Barton Securities (for which he requires a gun, and thus a gun-permit). This was an intended result for Defendants, as Defendant CAPTAIN MCBRIDE told Plaintiff that he would rescind his good guy letter and gun-

permit and that without them Plaintiff would be unable to gain employment with any governmental agency or a security firm.

61. After Plaintiff's official retirement, on December 2, 2013, an NYPD Sergeant came to his father's house and demanded that Plaintiff come with him to see the district surgeon. Despite Plaintiff's repeated protestations and clearly informing him that he was already retired, the officer refused to leave. He even sat in his car, parked in front of the house for hours.

62. White officers who do not lodge complaints are not treated in this manner. They are not given CDs "because" they are retiring, are not placed on modified duty, do not lose their terminal leave and are not assaulted in their own homes. Also, such similarly-situated officers do not have their pistol permit and good guy letter revoked for no reason or are prevented from retiring. For instance, a white female officer who wrote a summons containing false information (including the wrong time and wrong location where she found drugs) was not disciplined at all. Also, a white female officer, during Hurricane Sandy relief, was merely staying home while collecting overtime, and was also not disciplined. And, P.O. D'Amico, a white male, perjured himself under oath but was allowed to retire with no hassle. Further, a white male, P.O. Walatowski, was involved in a summons scandal, in which he wrote ten summons to one individual during an eight-hour period, yet received no charges. Moreover, P.O. Downing, a white male, was caught on video beating a councilman at the West Indian Day Parade, but was allowed to keep his job and received no charges.

63. In contrast, P.O. McDonald, a black female, "blew up" in the command and she received charges and was ultimately terminated. When Plaintiff complained that black officers

were not being given the same latitude that white officers were given, Plaintiff was retaliated against. White officers and officers who have not lodged complaints are not treated in this manner.

64. As a result of the discriminatory and retaliatory treatment, Plaintiff has suffered severe and extreme physical, mental and emotional damages, including but not limited to chest pains, shortness of breath, stress, anxiety, loss of sleep, hair loss and other injuries and damages.

## VIOLATIONS AND CLAIMS ALLEGED

### COUNT I
### RACE DISCRIMINATION IN VIOLATION OF
### TITLE VII OF THE CIVIL RIGHTS ACT OF 1964

65. Plaintiff re-alleges paragraphs 1 through 64 and incorporates them by reference as paragraphs 1 through 64 of Count I of this Complaint.

66. Plaintiff alleges that defendant CITY through its agents engaged in a pattern and practice of discrimination against him with respect to the terms, conditions and privileges of employment because of the plaintiff's race in violation of 42 U.S.C. § 2000e-2.

67. As a result of the acts of defendants under color of law, plaintiff suffered emotional distress, humiliation and embarrassment, medical and legal expenses, and out of pocket expenses for telephone, postage, and other costs of pursuing the claims herein.

## COUNT II
### RETALIATION IN VIOLATION OF
### TITLE VII OF THE CIVIL RIGHTS ACT OF 1964

68. Plaintiff re-alleges paragraphs 1 through 67 and incorporates them by reference as paragraphs 1 through 67 of Count II of this Complaint.

69. Plaintiff alleges that Defendant CITY through its agents engaged in various retaliatory actions against Plaintiff as a result of his opposition to race discrimination and as a result of his filing such complaints with Defendants and the EEOC, in violation of 42 U.S.C. § 2000e-3(a).

70. That as a result of the illegal acts of Defendant CITY through its agents, Plaintiff suffered depression and anxiety.

## COUNT III
### HOSTILE WORK ENVIRONMENT IN VIOLATION OF
### TITLE VII OF THE CIVIL RIGHTS ACT OF 1964

71. Plaintiff re-alleges paragraphs 1 through 70 and incorporates them by reference as paragraphs 1 through 70 of Count III of this Complaint.

72. Plaintiff alleges that Defendant CITY through its agents engaged in various severe and hostile actions towards Plaintiff as a result of his opposition to race discrimination and as a result of his filing such complaints with the New York City Police Department and the EEOC.

73. That as a result of the severe and hostile acts of the Defendant CITY through its agents, plaintiff suffered depression, anxiety and loss of job opportunities.

## COUNT IV
## RACE DISCRIMINATION IN VIOLATION OF
## THE CIVIL RIGHTS ACT OF 1871, 42 U.S.C. § 1983

74. Plaintiff re-alleges paragraphs 1 through 73 and incorporates them by reference as paragraphs 1 through 73 of Count IV of this Complaint.

75. Defendants CITY OF NEW YORK, LIEUTENANT EHRICH, SERGEANT ESCHEVEREA, CAPTAIN MCBRIDE, SERGEANT LARSON, CHIEF MCCARTHY and SERGEANT FELIX CONCEPCION, under color of law, personally interfered with and deprived plaintiff of his constitutional rights, including the rights: to enjoy freedom of speech, to petition his government for redress of his grievances, to be secure in his person, to enjoy privacy, to be free from deprivation of life, liberty, and property without due process of law.

76. Defendants LIEUTENANT EHRICH, SERGEANT ESCHEVEREA, CAPTAIN MCBRIDE, SERGEANT LARSON, CHIEF MCCARTHY and SERGEANT FELIX CONCEPCION, acting individually and in their official capacities as public officials of Defendant CITY under color of law, and having been fully advised that plaintiff was being deprived of his constitutional rights, either acted in a concerted, malicious intentional pattern to further discriminate against plaintiff, or knowing such discrimination was taking place, knowingly omitted to act to protect plaintiff from continuing deprivations of his rights to enjoy freedom of speech, to petition his government for redress of his grievances, to be secure in his person, to enjoy privacy, to be free from deprivation of life, liberty, and property without due process of law, all in violation of 42 U.S.C. § 1983.

77. Defendants CITY OF NEW YORK, LIEUTENANT EHRICH, SERGEANT

ESCHEVEREA, CAPTAIN MCBRIDE, SERGEANT LARSON, CHIEF MCCARTHY and SERGEANT FELIX CONCEPCION, in acting to deprive plaintiff's rights, acted intentionally, knowingly, willfully, and with gross disregard of plaintiff's rights.

78. As a result of the acts of the Defendants CITY OF NEW YORK, LIEUTENANT EHRICH, SERGEANT ESCHEVEREA, CAPTAIN MCBRIDE, SERGEANT LARSON, CHIEF MCCARTHY and SERGEANT FELIX CONCEPCION, under color of law, plaintiff suffered emotional distress, monetary damage, and incurred medical and legal expenses, and out of pocket expenses for telephone, postage, and other costs of pursuing the claims herein.

## COUNT V
## RETALIATION IN VIOLATION OF
## THE CIVIL RIGHTS ACT OF 1871, 42 U.S.C. § 1983

79. Plaintiff re-alleges paragraphs 1 through 78 and incorporates them by reference as paragraphs 1 through 78 of Count V of this Complaint.

80. Defendants CITY OF NEW YORK, LIEUTENANT EHRICH, SERGEANT ESCHEVEREA, CAPTAIN MCBRIDE, SERGEANT LARSON, CHIEF MCCARTHY and SERGEANT FELIX CONCEPCION, under color of law, personally interfered with and deprived plaintiff of his pension and constitutional rights, including the rights: to enjoy freedom of speech, to petition his government for redress of his grievances, to be secure in his person, to enjoy privacy, to be free from deprivation of life, liberty, and property without due process of law.

81. Defendants LIEUTENANT EHRICH, SERGEANT ESCHEVEREA, CAPTAIN MCBRIDE, SERGEANT LARSON, CHIEF MCCARTHY and SERGEANT FELIX CONCEPCION, acting individually and in their official capacities as public officials of

defendant CITY, under color of law, and having been fully advised that plaintiff was being deprived of his constitutional rights, either acted in a concerted, malicious intentional pattern to further discriminate against plaintiff by engaging in retaliatory acts, or knowing such discrimination was taking place, knowingly omitted to act to protect plaintiff from continuing deprivations of his rights to enjoy freedom of speech, to petition his government for redress of his grievances, to be secure in his person, to enjoy privacy, to be free from deprivation of life, liberty, and property without due process of law, all in violation of 42 U.S.C. § 1983.

82. As a result of the acts of the defendants' under color of law, plaintiff suffered emotional distress, monetary damage, loss of pension rights, and incurred medical and legal expenses, and out of pocket expenses for telephone, postage, and other costs of pursuing the claims herein.

## COUNT VI
## HOSTILE WORK ENVIRONMENT IN VIOLATION OF
## THE CIVIL RIGHTS ACT OF 1871, 42 U.S.C. § 1983

83. Plaintiff re-alleges paragraphs 1 through 82 and incorporates them by reference as paragraphs 1 through 82 of Count VI of this Complaint.

84. Defendants CITY OF NEW YORK, LIEUTENANT EHRICH, SERGEANT ESCHEVEREA, CAPTAIN MCBRIDE, SERGEANT LARSON, CHIEF MCCARTHY and SERGEANT FELIX CONCEPCION, under color of law, personally interfered with and deprived plaintiff of his constitutional rights, including the rights: to enjoy freedom of speech, to petition his government for redress of his grievances, to be secure in his person, to enjoy privacy, to be free from deprivation of life, liberty, and property without due process of law.

85. Defendants    LIEUTENANT EHRICH, SERGEANT ESCHEVEREA, CAPTAIN MCBRIDE, SERGEANT LARSON, CHIEF MCCARTHY and SERGEANT FELIX CONCEPCION, acting individually and in their official capacities as public officials of defendant CITY, under color of law, and having been fully advised that plaintiff was being deprived of his pension and constitutional rights, either acted in a concerted, malicious intentional pattern to further discriminate against plaintiff, or knowing such discrimination was taking place, knowingly omitted to act to protect plaintiff from continuing deprivations of his rights to enjoy freedom of speech, to petition his government for redress of his grievances, to be secure in his person, to enjoy privacy, to be free from deprivation of life, liberty, and property without due process of law, all in violation of 42 U.S.C. § 1983.

86. As a result of the acts of the defendants' under color of law, plaintiff suffered emotional distress, monetary damage, loss of pension rights, and incurred medical and legal expenses, and out of pocket expenses for telephone, postage, and other costs of pursuing the claims herein.

## COUNT VII
### RACE DISCRIMINATION IN VIOLATION OF THE CIVIL RIGHTS ACT OF 1866, 42 U.S.C. § 1981

87. Plaintiff re-alleges paragraphs 1 through 86 and incorporates them by reference as paragraphs 1 through 86 of Count VII of this Complaint.

88. That by the aforesaid discriminatory acts and omissions of Defendants CITY OF NEW YORK, LIEUTENANT EHRICH, SERGEANT ESCHEVEREA, CAPTAIN MCBRIDE, SERGEANT LARSON, CHIEF MCCARTHY and SERGEANT FELIX CONCEPCION,

acting individually and in their official capacities as public officials of Defendant CITY interfered with plaintiff's right to enforce contracts under the color of State Law.

89. That the purpose of Defendants  CITY OF NEW YORK, LIEUTENANT EHRICH, SERGEANT ESCHEVEREA, CAPTAIN MCBRIDE, SERGEANT LARSON, CHIEF MCCARTHY and SERGEANT FELIX CONCEPCION, in so acting was to prevent plaintiff, through economic and psychological intimidation, from seeking the equal protection of the laws, and from enjoying the equal privileges and immunities of citizens under the Constitution and laws of the United States and the State of New York including but not limited to enjoy his right to freedom of speech, to petition his government for redress of his grievances, to enjoy privacy, and deprivation of life, liberty, and property without due process of law.

90. Pursuant to their conduct, the Defendants CITY OF NEW YORK, LIEUTENANT EHRICH, SERGEANT ESCHEVEREA, CAPTAIN MCBRIDE, SERGEANT LARSON, CHIEF MCCARTHY and SERGEANT FELIX CONCEPCION, acted to deprive the plaintiff of his civil rights, by repeated and insidious acts of harassment, intimidation, bad faith and threat, all in violation of 42 U.S.C. § 1981.

91. As a result of the aforesaid acts, depriving plaintiff of his civil rights, plaintiff suffered mental anguish, emotional distress, loss of employment opportunities, and other monetary damages.

## COUNT VIII
## RETALIATION IN VIOLATION OF
## THE CIVIL RIGHTS ACT OF 1866, 42 U.S.C. § 1981

92. Plaintiff re-alleges paragraphs 1 through 91 and incorporates them by reference as paragraphs 1 through 91 of Count VIII of this Complaint.

93. Plaintiff alleges that Defendants CITY OF NEW YORK, LIEUTENANT EHRICH, SERGEANT ESCHEVEREA, CAPTAIN MCBRIDE, SERGEANT LARSON, CHIEF MCCARTHY and SERGEANT FELIX CONCEPCION, acting individually and in their official capacities as public officials of Defendant CITY, engaged in various retaliatory actions against plaintiff as a result of his opposition to race discrimination.

94. That the purpose of Defendants acting individually and in their official capacities as public officials of defendant CITY, in so acting was to prevent plaintiff, through economic and psychological intimidation, from seeking the equal protection of the laws, and from enjoying the equal privileges and immunities of citizens under the Constitution and laws of the United States and the State of New York.

95. Pursuant to their conduct, the defendants acted to deprive the plaintiff of his civil rights, by repeated and insidious acts of harassment, intimidation, bad faith and threat, all in violation of 42 U.S.C. § 1981.

96. As a result of the aforesaid acts, depriving plaintiff of his civil rights, plaintiff suffered mental anguish, emotional distress, loss of employment opportunities, and other monetary damages.

**COUNT IX**
**HOSTILE WORK ENVIRONMENT IN VIOLATION OF**
**THE CIVIL RIGHTS ACT OF 1866, 42 U.S.C. § 1981**

97. Plaintiff re-alleges paragraphs 1 through 96 and incorporates them by reference as paragraphs 1 through 96 of Count IX of this Complaint.

98. Plaintiff alleges that Defendants CITY OF NEW YORK, LIEUTENANT EHRICH, SERGEANT ESCHEVEREA, CAPTAIN MCBRIDE, SERGEANT LARSON, CHIEF MCCARTHY and SERGEANT FELIX CONCEPCION, acting individually and in their

official capacities as public officials of Defendant CITY, engaged in various severe and hostile actions against plaintiff as a result of his opposition to race discrimination.

99. That the purpose of CITY OF NEW YORK, LIEUTENANT EHRICH, SERGEANT ESCHEVEREA, CAPTAIN MCBRIDE, SERGEANT LARSON, CHIEF MCCARTHY and SERGEANT FELIX CONCEPCION, in so acting was to prevent plaintiff, through economic and psychological intimidation, from seeking the equal protection of the laws, and from enjoying the equal privileges and immunities of citizens under the Constitution and laws of the United States and the State of New York.

100.    Pursuant to their conduct, the defendants acted to deprive the plaintiff of his civil rights, by repeated and insidious acts of harassment, intimidation, bad faith and threat, all in violation of 42 U.S.C. § 1981.

101.    As a result of the aforesaid acts, depriving plaintiff of his civil rights, plaintiff suffered mental anguish, emotional distress, loss of employment opportunities, and other monetary damages.

**COUNT X**
**RACE DISCRIMINATION IN VIOLATION OF**
**NEW YORK STATE EXECUTIVE LAW § 296**

102.    Plaintiff re-alleges paragraphs 1 through 101 and incorporates them by reference as paragraphs 1 through 101 of Count X of this Complaint.

103.    Plaintiff alleges that New York State Executive Law §296, makes it unlawful to discriminate against any individual in the terms, conditions, or privileges of employment based upon race for having made charges of same.

104.    Plaintiff alleges that based upon the foregoing, Defendants CITY OF NEW YORK, LIEUTENANT EHRICH, SERGEANT ESCHEVEREA, CAPTAIN MCBRIDE,

SERGEANT LARSON, CHIEF MCCARTHY and SERGEANT FELIX CONCEPCION, discriminated against the Plaintiff based on his race for having made charges of same.

105.     Plaintiff alleges that as a direct and proximate result of the unlawful employment practices of Defendants CITY OF NEW YORK, LIEUTENANT EHRICH, SERGEANT ESCHEVEREA, CAPTAIN MCBRIDE, SERGEANT LARSON, CHIEF MCCARTHY and SERGEANT FELIX CONCEPCION, Plaintiff has suffered the indignity of race discrimination, and great humiliation.

106.     Plaintiff alleges that because of Defendants CITY OF NEW YORK, LIEUTENANT EHRICH, SERGEANT ESCHEVEREA, CAPTAIN MCBRIDE, SERGEANT LARSON, CHIEF MCCARTHY and SERGEANT FELIX CONCEPCION's violations, Plaintiff has been damaged.

## COUNT XI
## RETALIATION IN VIOLATION OF
## NEW YORK STATE EXECUTIVE LAW § 296

107.     Plaintiff re-alleges paragraphs 1 through 106 and incorporates them by reference as paragraphs 1 through 106 of Count XI of this Complaint.

108.     Plaintiff alleges that New York State Executive Law §296, makes it unlawful to discriminate against any individual in the terms, conditions, or privileges of employment based upon race and makes it illegal to retaliate for charging same.

109.     Plaintiff alleges that based upon the foregoing, Defendants CITY OF NEW YORK, LIEUTENANT EHRICH, SERGEANT ESCHEVEREA, CAPTAIN MCBRIDE, SERGEANT LARSON, CHIEF MCCARTHY and SERGEANT FELIX discriminated against the Plaintiff based on race and in retaliation for charging same.

110.     Plaintiff alleges that as a direct and proximate result of the unlawful employment practices of Defendants CITY OF NEW YORK, LIEUTENANT EHRICH, SERGEANT ESCHEVEREA, CAPTAIN MCBRIDE, SERGEANT LARSON, CHIEF MCCARTHY and SERGEANT FELIX CONCEPCION, Plaintiff has suffered the indignity of retaliation and great humiliation.

111.     Plaintiff alleges that because of Defendants CITY OF NEW YORK, LIEUTENANT EHRICH, SERGEANT ESCHEVEREA, CAPTAIN MCBRIDE, SERGEANT LARSON, CHIEF MCCARTHY and SERGEANT FELIX CONCEPCION's violations, Plaintiff has been damaged.

## COUNT XII
### HOSTILE WORK ENVIRONMENT IN VIOLATION OF NEW YORK STATE EXECUTIVE LAW §296

112.     Plaintiff re-alleges paragraphs 1 through 111 and incorporates them by reference as paragraphs 1 through 111 of Count XII of this Complaint.

113.     Plaintiff alleges that New York State Executive Law §296, makes it unlawful to create, condone and/or tolerate a hostile working environment based upon race, harassment, and retaliation.

114.     Plaintiff alleges that based upon the foregoing, Defendants CITY OF NEW YORK, LIEUTENANT EHRICH, SERGEANT ESCHEVEREA, CAPTAIN MCBRIDE, SERGEANT LARSON, CHIEF MCCARTHY and SERGEANT FELIX CONCEPCION created, condoned and tolerated a hostile working environment which negatively affected the terms and conditions of his employment.

115.    Plaintiff alleges that Defendants CITY OF NEW YORK, LIEUTENANT EHRICH, SERGEANT ESCHEVEREA, CAPTAIN MCBRIDE, SERGEANT LARSON, CHIEF MCCARTHY and SERGEANT FELIX CONCEPCION created, condoned and tolerated a hostile working environment which caused Plaintiff to sustain damages.

## COUNT XIII
### RACE DISCRIMINATION IN VIOLATION OF
### NEW YORK CITY ADMINISTRATIVE CODE § 8-101 *et seq.*

116.    Plaintiff re-alleges paragraphs 1 through 115 and incorporates them by reference as paragraphs 1 through 115 of Count XIII of this Complaint.

117.    Plaintiff alleges that New York City Administrative Code §8-101 *et seq.*, makes it unlawful to discriminate against any individual in the terms, conditions, or privileges of employment based upon race and makes it illegal to retaliate for charging same.

118.    Plaintiff alleges that based upon the foregoing, Defendants CITY OF NEW YORK, LIEUTENANT EHRICH, SERGEANT ESCHEVEREA, CAPTAIN MCBRIDE, SERGEANT LARSON, CHIEF MCCARTHY and SERGEANT FELIX CONCEPCION discriminated against the Plaintiff based upon his race and in retaliation for charging same.

119.    Plaintiff alleges that as a direct and proximate result of the unlawful employment practices of Defendants CITY OF NEW YORK, LIEUTENANT EHRICH, SERGEANT ESCHEVEREA, CAPTAIN MCBRIDE, SERGEANT LARSON, CHIEF MCCARTHY and SERGEANT FELIX CONCEPCION, Plaintiff has suffered the indignity of race discrimination, retaliation and great humiliation.

120.     Plaintiff alleges that because of Defendants CITY OF NEW YORK, LIEUTENANT EHRICH, SERGEANT ESCHEVEREA, CAPTAIN MCBRIDE, SERGEANT LARSON, CHIEF MCCARTHY and SERGEANT FELIX CONCEPCION's violations, Plaintiff has been damaged.

## COUNT XIV
### RETALIATION IN VIOLATION OF
### NEW YORK CITY ADMINISTRATIVE CODE §8-101 *et seq.*

121.     Plaintiff re-alleges paragraphs 1 through 120 and incorporates them by reference as paragraphs 1 through 120 of Count XIV of this Complaint.

122.     Plaintiff alleges that New York City Administrative Code §8-101 *et seq.*, makes it unlawful to discriminate against any individual in the terms, conditions, or privileges of employment based upon race and makes it illegal to retaliate for charging same.

123.     Plaintiff alleges that based upon the foregoing, Defendants CITY OF NEW YORK, LIEUTENANT EHRICH, SERGEANT ESCHEVEREA, CAPTAIN MCBRIDE, SERGEANT LARSON, CHIEF MCCARTHY and SERGEANT FELIX CONCEPCION discriminated against the Plaintiff based upon his race and in retaliation for charging same.

124.     Plaintiff alleges that as a direct and proximate result of the unlawful employment practices of Defendants CITY OF NEW YORK, LIEUTENANT EHRICH, SERGEANT ESCHEVEREA, CAPTAIN MCBRIDE, SERGEANT LARSON, CHIEF MCCARTHY and SERGEANT FELIX CONCEPCION, Plaintiff has suffered the indignity of race discrimination, retaliation and great humiliation.

125.     Plaintiff alleges that because of Defendants CITY OF NEW YORK, LIEUTENANT EHRICH, SERGEANT ESCHEVEREA, CAPTAIN MCBRIDE,

SERGEANT    LARSON,    CHIEF    MCCARTHY    and    SERGEANT    FELIX

CONCEPCION's violations, Plaintiff has been damaged.

**COUNT XV**
**HOSTILE WORK ENVIRONMENT IN VIOLATION OF**
**NEW YORK CITY ADMINISTRATIVE CODE §8-101 et seq.**

126.    Plaintiff re-alleges paragraphs 1 through 125 and incorporates them by reference as

paragraphs 1 through 125 of Count XV of this Complaint.

127.    Plaintiff alleges that New York City Administrative Code §8-101 et seq., makes it

unlawful to create, condone or and/or tolerate a hostile working environment based upon

race discrimination, and retaliation for charging same.

128.    Plaintiff alleges that based upon the foregoing, Defendants CITY OF NEW

YORK, LIEUTENANT EHRICH, SERGEANT ESCHEVEREA, CAPTAIN MCBRIDE,

SERGEANT LARSON, CHIEF MCCARTHY and SERGEANT FELIX CONCEPCION

created, condoned and/or tolerated a hostile working environment which negatively

affected the terms and conditions of his employment.

129.    Plaintiff alleges that Defendants CITY OF NEW YORK, LIEUTENANT

EHRICH, SERGEANT ESCHEVEREA, CAPTAIN MCBRIDE, SERGEANT

LARSON, CHIEF MCCARTHY and SERGEANT FELIX CONCEPCION's violations

caused Plaintiff to sustain damages.

**COUNT XVI**
**CONVERSION**

130.    Plaintiff re-alleges paragraphs 1 through 129 and incorporates them by reference as

paragraphs 1 through 129 of Count XVI of this Complaint.

131.    Plaintiff was lawfully permitted to place and store personal items in his personal locker located within the 108th Precinct building.

132.    Defendants unlawfully opened Plaintiff's personal locker and removed his personal effects therein.

133.    Plaintiff has demanded the return of his effects from Defendants.

134.    Defendants have improperly refused to return Plaintiff's effects.

135.    Defendants are therefore liable for the tort of conversion.

136.    Defendants acted illegally, maliciously, and recklessly.

137.    Defendants are therefore liable for punitive damages for converting Plaintiff's effects.

## COUNT XVII
### ASSAULT

138.    Plaintiff re-alleges paragraphs 1 through 137 and incorporates them by reference as paragraphs 1 through 137 of Count XVII of this Complaint.

139.    That at all times and hereinafter mentioned Defendant SERGEANT LARSON and the accompanying Police Officers were acting within the scope of their employment for Defendant CITY OF NEW YORK.

140.    That at all times hereinafter relevant, Plaintiff was lawfully within the confines of his own home.

141.    Plaintiff was willfully, wantonly, maliciously, and recklessly assaulted by Defendant SERGEANT LARSON and the accompanying Police Officers.

142.    That due to these assaults, Plaintiff has suffered permanent physical and emotional damages.

143.     The Defendant SERGEANT LARSON and the accompanying Police Officers were within the scope of their employment at the time of the assaults.

144.     Because Defendant SERGEANT LARSON and the accompanying Police Officers were within the scope of their employment, Defendant CITY OF NEW YORK is liable for all damages as a result of Defendant's Defendant SERGEANT LARSON and the accompanying Police Officers' assaults.

145.     These actions by the Defendants were a proximate cause of Plaintiff's injuries.

146.     Solely by reason of the foregoing, the Plaintiff has sustained damages.

<u>COUNT XVIII</u>
**BATTERY**

147.     Plaintiff re-alleges paragraphs 1 through 146 and incorporates them by reference as paragraphs 1 through 146 of Count XVIII of this Complaint.

148.     Plaintiff was the victim of battery at the hands of Defendant SERGEANT LARSON and the accompanying Police Officers.

149.     Defendant SERGEANT LARSON and the accompanying Police Officers herein made bodily contact with Plaintiff.

150.     Said contact was harmful or offensive.

151.     The Defendants herein intended to make said contact with Plaintiff and without Plaintiff's consent.

152.     The Defendant SERGEANT LARSON and the accompanying Police Officers were within the scope of their employment at the time of the batteries.

153.     Because Defendant SERGEANT LARSON and the accompanying Police Officers were within the scope of their employment, Defendant CITY OF NEW YORK is liable

for all damages as a result of Defendant SERGEANT LARSON and the accompanying

Police Officers' batteries.

154.    Said batteries were the proximate cause of Plaintiff's injuries.

155.    Solely by reason of the foregoing, the Plaintiff has sustained damages.

## COUNT XIX
## FALSE IMPRISONMENT

156.    Plaintiff re-alleges paragraphs 1 through 155 and incorporates them by reference as

paragraphs 1 through 155 of Count XIX of this Complaint.

157.    Defendant SERGEANT LARSON and the accompanying Police Officers

individually and/or jointly and in conspiracy, falsely imprisoned Plaintiff.

158.    That the defendants intended to restrict Plaintiff's freedom of movement and that

defendants did in fact restrict Plaintiff's freedom of movement.

159.    That Plaintiff's freedom of movement was directly restricted by the acts of the

defendants by illegally stopping, detaining, investigating, arresting and confining Plaintiff

without reasonable suspicion or probable cause.

160.    That Plaintiff was aware that his freedom of movement was restricted.

161.    Defendant SERGEANT LARSON and the accompanying Police Officers are

liable for their false imprisonment of Plaintiff because said false imprisonment was

proximately caused by their unlawful actions as stated above.

162.     As a result of the wrongful acts of the Defendants in falsely imprisoning Plaintiff,

he suffered injuries and damages as stated above.

## COUNT XX
## EXCESSIVE FORCE

163.    Plaintiff re-alleges paragraphs 1 through 162 and incorporates them by reference as paragraphs 1 through 162 of Count XX of this Complaint.

164.    Defendants' conduct in using force upon plaintiff for the purpose of causing him injury, and not as part of a good faith effort to maintain order or restore discipline, violated plaintiff's rights.

165.    As a direct result of Defendants' use of excessive force, Plaintiff sustained injuries and damages.

## COUNT XXI
## NEGLIGENCE

166.    Plaintiff re-alleges paragraphs 1 through 165 and incorporates them by reference as paragraphs 1 through 165 of Count XXI of this Complaint.

167.    Defendant CITY OF NEW YORK, through its agents and/or employees, was negligent, careless and reckless in their treatment, conduct and actions towards Plaintiff.

168.    Said negligence, carelessness, and recklessness was the sole and proximate cause of Plaintiff's injuries incurred on the above-mentioned date.

169.    Said injuries were caused solely and wholly by reason of the negligence and carelessness of defendants with no fault or culpable conduct on the part of the plaintiff contributing thereto.

170.    As a result of defendants' negligence as aforesaid, Plaintiff was severely injured both internally and externally, that plaintiff became sick, sore, lame, disabled, and has suffered great pain, shock and mental anguish and will continue to suffer for a long time to come and, upon information and belief, has been permanently injured; that by reason

of the foregoing, plaintiff has been obligated to and did necessarily employ medical aid and medicines in an attempt to cure said injuries, all to plaintiff's damage in a sum which exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

## COUNT XXII
## NEGLIGENT HIRING

171.    Plaintiff re-alleges paragraphs 1 through 170 and incorporates them by reference as paragraphs 1 through 170 of Count XXII of this Complaint.

172.    Defendant SERGEANT LARSON and the accompanying Police Officers were all hired by Defendant CITY OF NEW YORK in the capacity of Sergeant and/ or Police Officer.

173.    Defendant CITY OF NEW YORK had a duty to properly screen and hire prospective Sergeants and Police Officers.

174.    Defendant CITY OF NEW YORK negligently breached said duty by improperly screening and hiring Sergeants and/or Police Officers, namely, Defendant SERGEANT LARSON and the accompanying Police Officers.

175.    As a result of said negligent hiring, Defendant SERGEANT LARSON and the accompanying Police Officers were able to perpetrate harms on Plaintiff.

176.    Said harms perpetrated by Defendants and/or their employees or agents, are a proximate cause of Plaintiff's injuries and damages.

177.    Solely by reason of the foregoing the Plaintiff has sustained damage.

## COUNT XXIII
## NEGLIGENT TRAINING

178.    Plaintiff re-alleges paragraphs 1 through 177 and incorporates them by reference as paragraphs 1 through 177 of Count XXIII of this Complaint.

179.    Defendant SERGEANT LARSON and the accompanying Police Officers were all hired and trained by Defendant CITY OF NEW YORK in the capacity of Sergeant and/ or Police Officer.

180.    Defendant CITY OF NEW YORK had a duty to properly train its Sergeants and Police Officers.

181.    Defendant CITY OF NEW YORK negligently breached said duty by improperly training its Sergeants and/or Police Officers, namely, Defendant SERGEANT LARSON and the accompanying Police Officers.

182.    As a result of said negligent training, Defendant SERGEANT LARSON and the accompanying Police Officers were able to perpetrate harms on Plaintiff.

183.    Said harms perpetrated by Defendants and/or their employees or agents, are a proximate cause of Plaintiff's injuries and damages.

184.    Solely by reason of the foregoing the Plaintiff has sustained damage.

## COUNT XXIV
## NEGLIGENT SUPERVISION

185.    Plaintiff re-alleges paragraphs 1 through 184 and incorporates them by reference as paragraphs 1 through 184 of Count XXIV of this Complaint.

186.    Defendant SERGEANT LARSON and the accompanying Police Officers were all hired and supervised by Defendant CITY OF NEW YORK in the capacity of Sergeant and/ or Police Officer.

187.    Defendant CITY OF NEW YORK had a duty to properly supervise its Sergeants and Police Officers.

188.    Defendant CITY OF NEW YORK negligently breached said duty by improperly supervising its Sergeants and/or Police Officers, namely, Defendant SERGEANT LARSON and the accompanying Police Officers.

189.    As a result of said negligent supervision, Defendant SERGEANT LARSON and the accompanying Police Officers were able to perpetrate harms on Plaintiff.

190.    Said harms perpetrated by Defendants and/or their employees or agents, are a proximate cause of Plaintiff's injuries and damages.

191.    Solely by reason of the foregoing the Plaintiff has sustained damage.

## COUNT XXV
### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

192.    Plaintiff re-alleges paragraphs 1 through 191 and incorporates them by reference as paragraphs 1 through 191 of Count XXV of this Complaint.

193.    That at all times and hereinafter Plaintiff was lawfully within the confines of his own home.

194.    Said conduct by Defendants caused Plaintiff severe emotional distress.

195.    Said conduct by Defendants was extreme and outrageous and in addition, Defendants intended to cause and disregarded a substantial probability of causing severe emotional distress.

196.    Moreover, there was a causal connection between the conduct and the injuries suffered by Plaintiff.  Finally, Plaintiff has suffered severe emotional distress as a result of Defendants' intentional infliction of emotional distress.

197.     Said harms perpetrated by Defendants are a proximate cause of Plaintiff's injuries and damages.

## COUNT XXVI
## NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

198.     Plaintiff re-alleges paragraphs 1 through 197 and incorporates them by reference as paragraphs 1 through 197 of Count XXVI of this Complaint.

199.     That at all times and hereinafter Plaintiff was lawfully within the confines of his own home.

200.     Said conduct by Defendants caused Plaintiff severe emotional distress.

201.     Said conduct by Defendants constituted negligent infliction of emotional distress in that Defendants negligently and wantonly brought about Plaintiff's severe emotional distress.

202.     Said harms perpetrated by Defendants are a proximate cause of Plaintiff's injuries and damages.


## JURY TRIAL

203.     Plaintiff demands a trial by jury of all issues in this action that are so triable.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands compensatory and punitive damages from these Defendants jointly and severally, in an amount to be determined at trial, plus any available statutory remedies, both legal and equitable, and interests and costs.

Dated: August 19, 2014
        Lake Success, New York

                                    **CRONIN & BYCZEK, LLP**
                                    *Attorneys for Plaintiff*

                    BY: _____
                                    Moshe C. Bobker
                                    1983 Marcus Avenue, Suite C-120
                                    Lake Success, New York 11042
                                    (516) 358-1700

EXHIBIT A



**U.S. Department of Justice**

Civil Rights Division

NOTICE OF RIGHT TO SUE
WITHIN 90 DAYS

CERTIFIED MAIL
2014 1629

*950 Pennsylvania Avenue, N.W.*
*Karen Ferguson , EMP, PHB, Room 4239*
*Washington, DC 20530*

May 21, 2014

Mr. Frank Manns
c/o Linda M. Cronin, Esquire
Law Offices of Cronin & Byczek
Fountains at Lake Success
1983 Marcus Ave., Ste. C-120
Lake Success, NY  11042

Re:  EEOC Charge Against New York City Police Dept.
     No. 520201400389

Dear Mr. Manns:

Because you filed the above charge with the Equal Employment Opportunity Commission, and the Commission has determined that it will not be able to investigate and conciliate that charge within 180 days of the date the Commission assumed jurisdiction over the charge and the Department has determined that it will not file any lawsuit(s) based thereon within that time, and because you through your attorney have specifically requested this Notice, you are hereby notified that you have the right to institute a civil action under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e, et seq., against the above-named respondent.

If you choose to commence a civil action, such suit must be filed in the appropriate Court within 90 days of your receipt of this Notice.

The investigative file pertaining to your case is located in the EEOC New York District Office, New York, NY.

This Notice should not be taken to mean that the Department of Justice has made a judgment as to whether or not your case is meritorious.

Sincerely,

Jocelyn Samuels
Acting Assistant Attorney General
Civil Rights Division

by: *Karen J. Ferguson*

Karen L. Ferguson
Supervisory Civil Rights Analyst
Employment Litigation Section

cc: New York District Office, EEOC
    New York City Police Dept.